**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:

Case No.: 26-19103-SMG

FOCUS UTILITY SERVICES, LLC,

Chapter 7

Debtor.

_____/

**MOTION TO APPOINT CHAPTER 11 TRUSTEE**

Creditor, the Law Office of Mark S. Roher, P.A. ("Movant"), by and through its undersigned counsel and pursuant to 11 U.S.C. §§ 1104 and 1112(b), files this Motion to Appoint Chapter 11 Trustee, as follows:

**Preliminary Statement**.

The information contained in the Debtor's Case Management Summary [Dkt. No. 15] is either materially false or misleading or the sworn filings in the Debtor's Manager's chapter 13 case, which was not disclosed in the Case Management Summary, are false. Either way, this represents cause for the appointment of a chapter 11 trustee under Bankruptcy Code Section 1104(a)(1).  Moreover, the Debtor failed to comply with this Court's order dismissing its prior case that mandated the filing of the missing monthly operating reports, which was not done. Alternatively, appointment of a chapter 11 trustee is in the best interest of creditors because the Debtor lacks trustworthiness.

**Prior Chapter 11 Filing**

1.      On December 18, 2025, Focus Utility Services, LLC (the "Debtor") filed its prior Chapter 11 case with this Court, Case No. 25-24953-SMG (the "Prior Case").

**Material Differences Between the Two Case Management Summaries**

2.      A side-by side comparison between the Chapter 11 Case Management Summary filed on January 12, 2026 in the Prior Case (the "Prior CMS"), a copy of which is attached hereto as **Exhibit "A"** and the Chapter 11 Case Management Summary (the "Current CMS") [Dkt. No. 15] filed on July 20, 2026, reveals the following discrepancies:

| Items | Prior CMS | Current CMS |
|---|---|---|
| 2025 Gross Income (reveals almost 30% variance) | **$3.0 Million** (estimated) from January 1, 2025 through December 18, 2025 | **$2.5 Million** (estimated) |
| Amount of unsecured claims | **$972,183.37** | **$979,509.20** |
| Approximate Value of Assets (reveals almost 30% variance) | **$800,000.00** | **$1,107,000.00** |

**Monthly Operating Reports Filed and Not Filed in Prior Case**

3.      The January 2026 Monthly Operating Report (for the first full month of post-petition operations) filed in the Prior Case, a copy of which is attached hereto as **Exhibit "B"**, reveals the following:

      a.      Total balance of all accounts - $0.00;

      b.      Total cash receipts - $0.00;

      c.      Net cash flow – $0.00;

      d.      Cash on hand at end of month - $0.00;

      e.      Money owed to Debtor - $239,139.00;

      f.      Discloses that "We have now as of 3/1/2026 opened a DIP account."

4.      The Bankruptcy Schedules filed in the Prior Case reveal that the Debtor had two pre-petition bank accounts with Bank of America Accounts XXXX9744 and XXXX9781, a copy of the relevant portion which is attached hereto as **Exhibit "C"**.

5.      The February 2026 Monthly Operating Report filed in the Prior Case, a copy of which is attached hereto as **Exhibit "D"**, reveals that the Debtor was still utilizing its pre-petition Bank of America Account XXXX9744 through February 28, 2026 – more than two (2) months after filing the prior case.

6.      On May 7, 2026, this Court entered its Order Granting Debtor's Motion for Voluntary Dismissal in the Prior Case (the "Dismissal Order"), a copy of which is attached hereto as **Exhibit "E"**.

7.      Paragraph 4 of the Dismissal Order expressly provides:

> The Debtor **shall** pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. Section 1930(a)(6) within twenty (20) days of the entry of this Order **and simultaneously file with the Court all outstanding monthly operating reports**.

(emphasis added).

8.      A review of the docket from the Prior Case, a copy of which is attached hereto as **Exhibit "F"**, reveals that the Debtor's non-compliance with the Dismissal Order by failure to file its monthly operating reports for March, April and May 2026.

### Material Misrepresentations Extracted from Estephana Toubeaux's Chapter 13 Filings Compared to the Case Management Summary

9.      The Debtor's voluntary petition [Dkt. No. 1] was signed by Estephana Toubeaux as "Manager and 50% Owner."

10.     The Current CMS was signed by Estephana Toubeaux as "President".

3

11. Item 2 of the Current CMS fails to list any name, case number, or dates of filing of related debtors and affirmatively states "None".

12. However, the Current CMS is false and misleading because Estephana Toubeaux filed a personal chapter 13 bankruptcy case with the United States Bankruptcy Court for the Southern District of Florida – Miami Division on January 28, 2026, Case No. 26-11051-CLC (the "Toubeaux Bankruptcy").  A copy of the docket from the Toubeaux Bankruptcy is attached hereto as **Exhibit "G"**.

13. The Initial Statement of Financial Affairs filed in the Toubeaux Bankruptcy on March 12, 2026, states that she received $60,000.00 in wages during 2025, a copy of which is attached as **Exhibit "H"**.

14. The Amended Statement of Financial Affairs filed in the Toubeaux Bankruptcy on March 16, 2026, reiterates that she received $60,000.00 in wages during 2025, a copy of which is attached as **Exhibit "I"**.

15. However, the Current CMS is false and misleading because Estephana Toubeaux' salary for 2025 is listed at $57,600.00 or alternatively, she lied under oath on her statements of financial affairs.

16. The Statement of Financial Affairs filed in the Toubeaux Bankruptcy also states that she received $115,000.00 in wages during 2024.

17. The Amended Statement of Financial Affairs filed in the Toubeaux Bankruptcy on March 16, 2026, again states that she received $115,000.00 in wages during 2024.

18. However, either the Current CMS is false and misleading because Estephana Toubeaux' salary for 2024 is listed at $165,000.00 or alternatively, she lied under oath on her statements of financial affairs.

19.     Schedule I filed in the Toubeaux Bankruptcy on March 13, 2026, states that she was receiving monthly income from the Debtor in amount of $9,167.00, a copy of which is attached as **Exhibit "J"**.

20.     However, either the Current CMS is false and misleading because it fails to list any wages paid to Estephana Toubeaux during 2026, or alternatively, she lied under oath on her bankruptcy schedules.

21.     The Chapter 13 Statement of Current Monthly Income filed in the Toubeaux Bankruptcy on March 17, 2026, states that she would be receiving gross wage in the amount of $8333.67 "starting 4/15/2026", a copy of which is attached as **Exhibit "K"**.

22.     However, either the Current CMS is false and misleading because it fails to list any wages paid to Estephana Toubeaux during 2026, or alternatively, she lied under oath on her Chapter 13 Statement of Current Monthly Income.

23.     Item 20 of the Amended Statement of Financial Affairs filed in the Toubeaux Bankruptcy on March 16, 2026, states that her two personal bank accounts with Bank of America were closed in November 2025, a copy of which is attached as **Exhibit "L"**.

24.     Bankruptcy Schedule A/B filed in the Toubeaux Bankruptcy on March 13, 2026, states that does not have any personal bank accounts, a copy of which is attached as **Exhibit "M"**.

25.     The chapter 13 plan filed in the Toubeaux Bankruptcy on March 13, 2026, provides for monthly payments in the amount of $2,600.00, a copy of which is attached as **Exhibit "N"**.

26.     If Ms. Toubeaux did not have any personal bank accounts, then one can only presume that it was the Debtor who was making plan payments to her chapter 13 trustee and if so, Item No. 6 of the Case Management Summary is materially false.

**Memorandum of Law**

**A.      Cause Exists to Appoint a Chapter 11 Trustee Pursuant to 11 U.S.C. §1104(a)(1)**

11 U.S.C. §1104(a) states in pertinent part:

(a)      At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee-

(1)      for cause, **including fraud, dishonesty, incompetence, or gross mismanagement** of the affairs of the debtor by current management, **either before or after the commencement of the case**, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor;

11 U.S.C. § 1104 (emphasis added).

The fraud, dishonesty, incompetence and gross mismanagement of the Debtor and by its Manager/President Estephana Toubeaux is set forth in great detail above from the filings in her chapter 13 case.  Moreover, the Debtor failed to comply with this Court's Order of Dismissal entered in the Prior Case by failing to file the March, April and May 2026 monthly operating reports.  Presumably, if the March, April and May 2026 monthly operating reports were filed in the Prior Case, they would have likely revealed substantial wages, salaries and benefits paid to or on behalf of Estephana Toubeaux by the Debtor.  Instead, she and the Debtor appear to have "hidden the ball" from creditors by not complying with a valid prior order of this Court so as to cover up the payments made directly to her or indirectly for her benefit by the Debtor during this calendar year.

In the case of *In re Sundale, Ltd*., 400 B.R. 890, 900 (Bankr. S.D. Fla. 2009), Judge Isicoff sets forth the factors demonstrating cause under Section 1104(a)(1):

In making a determination of whether cause exists under this section, courts have looked at a variety of factors including:

6

(1) Materiality of the misconduct;

(2) Evenhandedness or lack of same in dealings with insiders or affiliated entities vis-a-vis other creditors or customers;

(3) The existence of pre-petition voidable preferences or fraudulent transfers;

(4) Unwillingness or inability of management to pursue estate causes of action;

(5) Conflicts of interest on the part of management interfering with its ability to fulfill fiduciary duties to the debtor;

(6) Self-dealings by management or waste or squandering of corporate assets.

*Id*. (citing *In re Intercat, Inc*., 247 B.R. 911, 921 (Bankr. S.D. Ga. 2000). Movant maintains that the first, second, fifth and sixth factors have been satisfied in this case.

In the case of *In re Saraland, LLLP*, 2013 Bankr. LEXIS 1219, *5-6 (Bankr. S.D. Ga. March 27, 2013), the bankruptcy court appointed a chapter 11 trustee under similar factual circumstances:

As set forth at the hearing, there has been gross mismanagement and a continuing loss and diminution of the bankruptcy estate, as the proper chapter 11 operating procedures have not been followed. Without Court or creditor approval, funds of Saraland have been commingled with and used to fund the separate chapter 11 cases of Paradise Farms, LLC ("Paradise") and the individual case of Lister Harrell ("Mr. Harrell"), Saraland's managing member. Mr. Harrell testified and acknowledged and the operating reports confirm, Saraland's funds also have been utilized to pay for Mr. Harrell's personal expenses as well as the expenses of Paradise. While Mr. Harrell testified he has now changed Debtor's internal financial procedures to better safeguard against these events that does not rectify the damage already done under Mr. Harrell's management and control. Furthermore, the recent operating reports continue to reflect expenses for automobiles Debtor does not own or did not disclose on its schedules as well as commissions being paid to contract laborers whose employment has never been approved and some payments to a purported insider, Sarah Harrell. Furthermore, Mr. Harrell's testimony reflects a lack of understanding and competence in complying with chapter 11 procedures. He stated he did not know if Saraland owned any vehicles, and Debtor's schedules do not reflect any vehicles, yet the operating reports show vehicle expenses being paid.

There also is confusion on which debtor owned the 1973 Camero and mobile home that was sold post-petition and the proceeds given to Mr. Peek, who is Mr. Harrell's personal attorney. Mr. Harrell has used approximately $83,000.00 in cash to convert Saraland's timberland to irrigated cropland without secured creditor consent or Court approval. In August, without prior Court approval, Saraland incurred debt in the amount of $8,000.00 with a loan from Mr. Harrell. While no payments are being made to its creditors, Saraland has paid dividends to Mr. Harrell and paid for business travel and entertainment that did not benefit Saraland.

"Under section 1104(a)(1) the court is required to appoint a trustee upon finding cause, including fraud, dishonesty, incompetence or gross mismanagement by the debtor." *In re 942 Penn RR, LLC*, 642 B.R. 89, 92 (Bankr. S.D. Fla. 2022) (Isicoff, J.) (citing *In re SunCruz Casinos, LLC*, 298 B.R. 821, 828 (Bankr. S.D. Fla. 2003) (Hyman, J.).   "The use of the word "shall" leaves no discretion in appointment once cause is found. . . .." *Id.*

Rule 2015 of the Federal Rules of Bankruptcy Procedure requires a debtor in possession to file monthly operating reports.  It is undisputed that the Debtor in the prior case failed to file its monthly operating reports for March, April and May 2026.  More importantly, the Dismissal Order expressly directed the Debtor to file its outstanding reports by May 27, 2026 and the Debtor failed to do so.  Accordingly:

> The Court's analysis need not go further because, at a minimum, "cause" exists in these cases. It is undisputed that Debtors did not timely provide information requested by the Bankruptcy Administrator, comply with orders of this Court, pay required quarterly fees, maintain insurance, or timely comply with reporting requirements. *In re Brown*, 55 F.4th 945 (1st Cir. 2022), *cert. denied sub nom. Brown v. Harrington*, 143 S. Ct. 2435, 216 L. Ed. 2d 417 (2023) (affirming the bankruptcy court's dismissal of a Chapter 11 case based on the debtor's failure to pay required fees and submit reports); *In re McKenna*, 580 B.R. 1, 10 (Bankr. D.R.I. 2017) ("Although multiple grounds may exist, one ground . . . is sufficient standing alone, to establish cause under the statute.") (citations omitted); *In re Hoover*, 828 F.3d 5, 9 (1st Cir. 2016) ("one cause is enough").

*In re Ebury St. Cap., LLC*, 666 B.R. 627, 632 (Bankr. M.D. Ala. 2024).

8

In this case, the Debtor's failure to file its March, April and May 2026 operating reports, in and of itself represents sufficient "cause" under section 1104(a)(1) and is also a blatant violation of this very Court's Dismissal Order, warrants the appointment of a chapter 11 trustee.

**B.      Appointment of Chapter 11 Trustee is in the Best Interests of Creditors Pursuant to 11 U.S.C. §1104(a)(2)**

"When determining the appropriateness of a trustee under section 1104(a)(2), that is, whether the appointment of a trustee "is in the interest of creditors, any equity security holders, and other interests of the estate" the court's exercise of its discretion is much broader and takes into consideration a variety of different factors." *In re Sundale, Ltd*., 400 B.R. at 901.

Judge Isicioff identified the following "factors that courts have used to determine whether a trustee should be appointed under this subsection include: (1) the trustworthiness of the debtor; (2) the debtor in possession's past and present performance and prospects for the debtor's rehabilitation; (3) the confidence—or lack thereof—of the business community and of creditors in present management; and (4) the benefits derived by the appointment of a trustee, balanced against the cost of the appointment. *In re 942 Penn RR, LLC*, 642 B.R. 89, 92-93 (Bankr. S.D. Fla. 2022).

In this case, the Debtor's past performance of failing to file its March, April and May 2026 operating reports, in a blatant violation of this very Court's Dismissal Order, warrants the appointment of a chapter 11 trustee because the Debtor's lack of trustworthiness.

Finally, "[i]n considering a motion for appointment of a trustee, a full evidentiary hearing is not always required." *Id*. at 93 (citing *In re Basil St. Partners, LLC*, 477 B.R. 856, 867 (Bankr. M.D. Fla. 2012); *In re Ionosphere Clubs, Inc*., 113 B.R. 164, 167-68 (Bankr. S.D.N.Y. 1990)).

**WHEREFORE**, Movant respectfully requests the entry of an order appointing a chapter 11 trustee in this case and providing for such other relief deemed appropriate under the circumstances.

Dated: July 26, 2026        Respectfully Submitted,

**LAW OFFICE OF MARK S. ROHER, P.A.**
*Counsel for Law Office of Mark S. Roher, P.A.*
1806 N. Flamingo Road, Suite 300
Pembroke Pines, Florida 33028
Email: mroher@markroherlaw.com
Telephone: (954) 353-2200

By:   */s/ Mark S. Roher*
       Mark S. Roher
       Florida Bar No. 178098

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of July, 2026, a true and correct copy of the foregoing was served by CM/ECF on all parties listed below and by U.S. mail (without the exhibits which are available via email upon request by any creditor or interested party) to those on the attached matrix via certificateofservice.com.

*/s/ Mark S. Roher*
Mark S. Roher

Linda Marie Leali
trustee@lealilaw.com,
F005@ecfcbis.com;lkennedy@lealilaw.com;LindaLealiPA@jubileebk.net;nahomy@lealilaw.com;ecf.alert+LeaLi@titlexi.com

Martin P Ochs on behalf of U.S. Trustee Office of the US Trustee
martin.p.ochs@usdoj.gov

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Mark S. Roher, Esq. on behalf of Creditor Law Office of Mark S. Roher, P.A.
mroher@markroherlaw.com, ECF.markroherlaw@gmail.com;ECF2.markroherlaw@gmail.com

Jaitegh Singh on behalf of Debtor Focus Utility Services, LLC
jsingh@singhfirm.com, pacer@singhfirm.com

Label Matrix for local noticing
113C-0
Case 25-24953-SMG
Southern District of Florida
Fort Lauderdale
Sun Jul 26 10:34:41 EDT 2026

Berkshire Hathaway Homestate Insurance Compa
c/o Jeffrey S. Berlowitz, Esq.
169 E. Flagler Street
Suite 700
Miami, FL 33131-1203

Elite Equipment Rental, LLC
Allison L. Friedman, PA
20533 Biscayne Blvd., Suite 4-435
Aventura, FL 33180-1529

First Citizens Bank & Trust Company
c/o Weltman, Weinberg & Reis Co., LPA
5990 West Creek Rd Suite 200
Independence, OH 44131-2191

Focus Utility Services, LLC
2600 South SR 7
Miramar, FL 33023-4102

(p)MIAMI DADE COUNTY TAX COLLECTOR
ATTN WENDY MONTOYA
200 NW 2ND AVENUE
MIAMI FL 33128-1733

2634 Pierce LLC
2875 NE 191stSt.
Ste 601
Miami, FL 33180-2833

ADP TotalSource
c/o Altus Commercial Receivables
2121 Airline Drive, Suite 520
Metairie, LA 70001-5987

ADP Totalsource
c/o Rosenfeld Stein Batta, P.A.
21490 W. Dixie Hwy
Miami, FL 33180-1144

(p)AFCO DIRECT
ATTN SPECIAL COLLECTION ANALYST
150 NORTH FIELD DR SUITE 190
LAKE FOREST IL 60045-2594

(p)AMSCOT CORPORATION
ATTN RUBINA SHALDJIAN
600 N WESTSHORE BLVD #1200
TAMPA FL 33609-1117

Allison L. Friedman, P.A.
20533 Biscayne Blvd.
Ste 4-435
Miami, FL 33180-1529

American Express
c/o Modlin Slinsky, P.A.
1551 Sawgrass Corporate Parkway
Suite 110
Sunrise, FL 33323-2832

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

Angelena M. Conant
Angelena M. Root, P.A.
1931 Cordova Road, #303
Fort Lauderdale, FL 33316-2157

Arthur Daniels by Attorney Daniel Hunt
11767 S Dixie Hwy  407
Pinecrest, FL 33156-4438

Bank of America
100 North Tryon Street
Charlotte, NC 28255-0001

Berkshire Hathaway Workers Comp
2775 NE 163rd St.
Ste 100
North Miami Beach, FL 33160-4078

Cellco Partnership d/b/a Verizon Wireless
William M Vermette
22001 Loudoun County PKWY
Ashburn, VA 20147-6122

Chad Levy Law Firm
Attention:  Daniel Hillaire
2844 N. University Dr.
Coral Springs, FL 33065-1425

Commercial Credit Group Inc.
525 N. Tryon St.
Ste. 1000
Charlotte, NC 28202-0210

Contech Engineered Solutions LLC
5 Concourse Pkwy Ste. 1900
Atlanta, GA 30328-6111

Daimler Truck Financial Services USA LLC
Stephen B. Grow
Warner Norcross + Judd LLP
700 Terrace Point Road, Suite 350
Muskegon, MI 49440-1159

Diamler Truck Financial Services USA, LL
14372 Heritage Pkwy
Fort Worth, TX 76177-3300

Elite Equipment Rental LLC
244 W Hwy 40
Ste 203
Homestead, FL 33033

Elite Equipment Rental, LLC
c/o Allison L. Friedman, P.A.
20533 Biscayne Blvd., Suite 4-435
Aventura, Florida 33180-1529

Elite Security
15600 SW 288 St.
Ste 203
Homestead, FL 33033-1249

Elite Security Alarm Systems Inc.
Neil Ackerman, Esq.
Kirschenbaum & Kirschenbaum, P.C.
200 Garden City Plaza, Suite 315
Garden City, NY 11530-3357

Enterprise Rent a Car
600 Corporate Pkwy Drive
Saint Louis, MO 63105-4211

FRANCES STREET 18, LLC
4800 N. Federal Highway
Suite A-205
Boca Raton, FL 33431-5176

First Citizens Bank
239 Fayettevile Street
Raleigh, NC 27601-1309

Florida Department of Revenue
PO Box 8045
Tallahassee, FL 32314-8045

Infinity Insurance
2201 4th Avenue North
Birmingham, AL 35203-3863


(p)ENRIQUE VASSALLO COLON
ATTN ENRIQUE VASSALLO COLON
1248 NORTH UNVERSITY DRIVE
MS 5730
PLANTATION FL 33322-4709

Internal Revenue Service
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346

Jonathan Graham
c/o The Miami Shark P.A.
11767 S. Dixie Highway
Ste 407
Miami, FL 33156-4438


Kemper Commercial Auto
8400 NW 36th Ste
Ste 180
Miami, FL 33166-6691

Law Offices of Jason Gordon
c/o Angelena M. Conant
Angelena M. Root, P.A.
1931 Cordova Road, #303
Fort Lauderdale, FL 33316-2157

Liberty Tire
3100 Burris Rd.
Fort Lauderdale, FL 33314-2211


Michael L. Grant
c/o Warren & Grant, P.A.
4800 N. Federal Highway
Suite A-205
Boca Raton, FL 33431-5176

Neil Ackerman
Kirschenbaum & Kirschenbaum, P.C.
200 Garden City Plaza, Suite 315
Garden City, NY 11530-3357

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614


Paychecks
911 Panorama Trail South
Rochester, NY 14625-2396

Progressive Premiums
300 North Commons Blvd.
Miami, FL 33166

Ring Power Corporation
500 World Commerce Pkwy
Saint Augustine, FL 32092-3788


Salter Property Management
4800 N. Federal Highway
Ste A-205
Boca Raton, FL 33431-5176

(p)SPRING OAKS CAPITAL  LLC
1400 CROSSWAYS BLVD STE 100B
CHESAPEAKE VA 23320-0207

State of Florida  Department of Revenue
Post Office Box 6668
Tallahassee, FL 32314-6668


Stephen B. Grow
Warner Norcross + Judd LLP
700 Terrace Point Road
Suite 350
Muskegon, MI 49440-1159

Sychrony Bank
777 Long Ride Road
Stamford, CT 06902-1247

TD Retail Card Services
PO Box 100114
Attn:  Customer Service
Columbia, SC 29202-3114


The Gold Coast Group 2, Inc.
4613 North University Drive
Ste 576
Coral Springs, FL 33067-4602

Translease
1400 W 62nd Ave.
Denver, CO 80221-2400

United Rentals
100 First Stamford Place
Ste 700
Stamford, CT 06902-9200


Wilson Law Firm South Florida, P.A.
Attn:  Paul E. Wilson, Esq.
1776 N. Pine Island Rd.
Ste 311
Fort Lauderdale, FL 33322-5235

(p)LAW OFFICE OF MARK S  ROHER  P A
1806 N FLAMINGO ROAD
SUITE 300
PEMBROKE PINES FL 33028-1032


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Miami-Dade Office of the Tax Collector (Roge
200 NW 2nd Avenue
Miami, FL 33128

AFCO Direct
150 North Field Drive
Ste 190
Lake Forest, IL 60045

AMSCOT
600 N. West Shore Blvd.
Ste 1200
Tampa, FL 33609

Internal Revenue Service
1248 N University Drive
M/S 5730
Fort Lauderdale, FL 33322

(d)Miami-Dade Office of the Tax Collector
c/o Nikolas Rogers
200 NW 2nd Avenue
Miami, FL 33128

Spring Oaks Capital LLC
1400 Crossways Blvd
Ste 100B
Chesapeake, VA 23320

(d)Spring Oaks Capital LLC
PO Box 1216
Chesapeake, VA 23327

Mark S. Roher Esq.
Law Office of Mark S. Roher, P.A.
1806 N. Flamingo Road, Suite 300
Pembroke Pines, FL 33028

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Commercial Credit Group Inc.

(d)Commercial Credit Group, Inc.
525 N. Tryon Street
Ste 1000
Charlotte, NC 28202-0210

(d)FIRST CITIZENS BANK & TRUST COMPANY
c/o Weltman, Weinberg & Reis Co., LPA
5990 West Creek Rd, Suite 200
Independence, OH 44131-2191

End of Label Matrix
Mailable recipients    55
Bypassed recipients     3
Total                  58