**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:                                                          Case No. 26-19103-SMG

          FOCUS UTILITY SERVICES, LLC,          Chapter 11 (Subchapter V)

                    Debtor.

_____/

**NOTICE OF OBJECTION TO CLAIM**
*NO. 2-1 FILED BY MARK S. ROHER, P.A.*
*ON BEHALF OF FOCUS UTILITY SERVICES, LLC*

Focus Utility Services, LLC, has filed an objection to your claim in this bankruptcy case.

**<u>Your claim may be reduced, modified, or eliminated</u>. You should read these papers carefully and discuss them with your attorney, if you have one.**

**If you do not want the court to eliminate or change your claim, then you or your lawyer must file a written response <u>within 30 days from the date this objection was served</u>, explaining why your claim should be allowed as filed.**

The written response must contain the case name, the case number, your name, and your claim number. If filed by an attorney, the written response must be filed electronically. If filed without an attorney, the written response must be filed with the Clerk of the United States Bankruptcy Court, Southern District of Florida, in the division in which this case is pending:

| **Miami Division:** | **Fort Lauderdale Division:** | **West Palm Beach Division:** |
|---|---|---|
| United States Bankruptcy Court | United States Bankruptcy Court | United States Bankruptcy Court |
| Southern District of Florida | Southern District of Florida | Southern District of Florida |
| C. Clyde Atkins United States Courthouse | United States Courthouse | Flagler Waterview Building |
| 301 North Miami Avenue, Room 150 | 299 East Broward Blvd., Room 112 | 1515 North Flagler Drive, Suite 801 |
| Miami, Florida 33128 | Ft. Lauderdale, FL 33301 | West Palm Beach, FL 33401 |

If you mail your response to the court for filing, you must mail it early enough so that the court will receive it on or before the deadline stated above.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim and may enter an order sustaining the objection without further notice or hearing.** If you or your attorney do file a timely response to the objection, the court will schedule a hearing, by separate notice of hearing, to resolve the objection.

**Objection to Claim Number 2-1**

Pursuant to Bankruptcy Rule 3007 and Local Rule 3007-1, the Debtor objects to the following claim filed in this case:

| Claim No. | Name of Claimant | Amount of Claim | Basis for Objection and Recommended Disposition |
|---|---|---|---|
| 2-1 | Mark S. Roher, P.A. d/b/a Law Office of Mark S. Roher, P.A. | $5,700.00 | The claim should be disallowed in its entirety under 11 U.S.C. §§ 502(b)(1) and 502(b)(4). Claimant was employed as the Debtor's bankruptcy counsel under § 327 in the Debtor's prior Chapter 11 case but never filed an application for compensation or obtained allowance of the asserted fees under § 330. Claimant also obtained no order authorizing application of the $10,000.00 postpetition retainer, which the employment order required him to maintain in trust pending further court order. See below. |

FOCUS UTILITY SERVICES, LLC (the "Debtor"), by and through its undersigned counsel, and pursuant to 11 U.S.C. § 502, Federal Rule of Bankruptcy Procedure 3007, and Local Rule 3007-1, objects to Proof of Claim No. 2-1 filed on July 28, 2026, by Mark S. Roher, P.A. d/b/a Law Office of Mark S. Roher, P.A. (the "Claimant" or "Roher"), asserting a general unsecured claim in the amount of $5,700.00, and in support of its objection states as follows:

**IDENTIFICATION AND RECOMMENDED DISPOSITION**

1.      Claimant filed Proof of Claim No. 2-1 on July 28, 2026.

2.      Claim No. 2-1 asserts a general unsecured claim in the amount of $5,700.00 for "legal services provided."

3.      The claim is based entirely on legal services allegedly performed while Claimant served as court-approved bankruptcy counsel for the Debtor in the Debtor's previous Chapter 11 case, Case No. 25-24953-SMG (the "Prior Case").

4.      The Debtor requests that Claim No. 2-1 be disallowed in its entirety under 11 U.S.C. §§ 502(b)(1) and 502(b)(4).

5.       Alternatively, the Debtor requests that the claim be disallowed unless and until Claimant obtains an order in the Prior Case allowing compensation under 11 U.S.C. § 330 and provides a complete accounting of the $10,000.00 postpetition retainer.

## RELEVANT FACTS

6.       The Prior Case was commenced on December 18, 2025.

7.       Claimant sought employment as the Debtor's bankruptcy counsel pursuant to 11 U.S.C. § 327. See Exhibit A (Prior Case, ECF No. 19).

8.       Claimant's sworn declaration represented that "[t]here are no pre-petition fees owed." Prior Case, ECF No. 19-1 ¶ 5.

9.       Claimant further represented that the Debtor paid a $10,000.00 postpetition retainer into Claimant's trust account and that the retainer would remain in trust "pending further order of the Court." Id. ¶¶ 6–9.

10.       The written engagement agreement attached to the employment application likewise provides:

> "Application of the Fee Advance as of the filing of the bankruptcy petition to post-petition fees and costs are subject to Bankruptcy Court approval and will be held in trust pending such Bankruptcy Court order."
>
> Prior Case, ECF No. 19-2 at 2.

11.       On February 17, 2026, the Court approved Claimant's employment under § 327, effective as of the petition date. See Exhibit B (Prior Case, ECF No. 30).

12.       The employment order specifically directed Claimant to hold the postpetition retainer in his trust account pending further order:

"Counsel is permitted to accept the post-petition retainer amounts set forth in the retainer agreement and is directed to hold any such post-petition retainer amounts in his trust account pending further order of this Court."

Id. ¶ 3.

13.     Claimant's disclosure under § 329 and Bankruptcy Rule 2016(b) stated that he had agreed to accept $10,000.00, had received $10,000.00, and had a "Balance Due" of "$0.00." See Exhibit C (Prior Case, ECF No. 21).

14.     The Prior Case was dismissed on May 7, 2026. Prior Case, ECF No. 53.

15.     Claimant never filed an interim or final application for compensation under § 330 and Bankruptcy Rule 2016(a). See Exhibit D (Docket).

16.     The docket in the Prior Case contains no order allowing Claimant compensation and no order authorizing Claimant to apply the $10,000.00 retainer.

17.     Claim No. 2-1 attaches an invoice dated June 10, 2026 - more than one month after dismissal of the Prior Case.

18.     The invoice claims total fees of $15,700.00 and subtracts the entire $10,000.00 retainer as a "payment," leaving the asserted $5,700.00 balance.

19.     That treatment creates an unresolved threshold inconsistency. If the $10,000.00 remained in trust as the employment order required, Claimant could not properly treat it as an allowed payment of fees. If Claimant applied the retainer, the application occurred without the court order expressly required by the employment order.

20.     The Debtor did not receive the attached June 10, 2026 invoice before Claimant asserted the alleged debt in connection with the present dispute. The Debtor did not agree that the invoiced amount was correct, reasonable, allowed, or presently payable.

21.     Claimant has not provided an order authorizing the application of the retainer, a final trust-account reconciliation, or evidence establishing the present location and disposition of the retainer.

22.     The Debtor requests that the Court take judicial notice of the docket and filings in the Prior Case, including ECF Nos. 19, 19-1, 19-2, 21, 30, and 53.

## LEGAL BASIS FOR OBJECTION

I. THE CLAIM IS UNENFORCEABLE BECAUSE THE FEES WERE NEVER ALLOWED UNDER § 330.

23.     Section 502(b)(1) requires disallowance of a claim to the extent that it is unenforceable against the debtor or the debtor's property under an agreement or applicable law.

24.     Claimant was employed as an estate professional under § 327. His compensation was therefore governed by § 330 and Bankruptcy Rule 2016(a).

25.     Section 330 provides for an award of reasonable compensation to a professional employed under § 327 only after notice and a hearing. Bankruptcy Rule 2016(a) requires the professional to file a detailed application disclosing, among other things, the services rendered, time expended, expenses incurred, payments previously made or promised, and the source of compensation.

26.     Employment under § 327 does not itself constitute an award of compensation. The professional must separately seek allowance under § 330.

27.     The Eleventh Circuit has recognized that, before a professional employed under § 327 may be paid, the bankruptcy court must review and approve the professional's compensation. *Denison v. Marina Mile Shipyard, Inc.* (In re New River Dry Dock, Inc.), 497 F. App'x 882, 887 (11th Cir. 2012).

28.     The Southern District of Florida has similarly recognized that § 330 makes compensation determinations concerning § 327 professionals the special province of the bankruptcy court and that the court retains authority to determine professional compensation even after dismissal. *In re Brickell Inv. Corp.,* 171 B.R. 149, 156 (S.D. Fla. 1994).

29.     *In Dery v. Cumberland Casualty & Surety Co.* (In re 5900 Associates, Inc.), 468 F.3d 326, 329–31 (6th Cir. 2006), the court considered fees arising from a prior dismissed Chapter 11 case in which counsel had never filed a § 330 application. The court held that § 330 provided the exclusive mechanism for allowance of compensation to a § 327 professional and that a private agreement or post-dismissal promissory note could not substitute for bankruptcy-court approval. Because counsel never obtained approval, the claimed bankruptcy fees were unenforceable. Id. at 330–31.

30.     Claimant's private engagement agreement cannot eliminate the review required by §§ 329 and 330. The agreement itself expressly recognizes that application of the postpetition retainer was subject to court approval.

31.     Claimant filed no fee application, obtained no compensation order, and obtained no order authorizing application of the retainer. Consequently, Claimant has not established an enforceable right to payment of the additional $5,700.00 asserted in Claim No. 2-1.

32.     Dismissal of the Prior Case did not transform the unallowed fees into an automatically enforceable contractual debt. Instead, the bankruptcy court retained authority to review compensation for services performed by its court-approved professional.

33.     Claim No. 2-1 should therefore be disallowed under § 502(b)(1).

## II. THE CLAIM DOES NOT ESTABLISH PRIMA FACIE VALIDITY UNDER BANKRUPTCY RULE 3001.

34.     Bankruptcy Rule 3001(f) affords prima facie evidentiary effect only to a proof of claim executed and filed in accordance with Rule 3001.

35.     When a claim is based on a writing, Bankruptcy Rule 3001(c)(1) requires the claimant to file the original or a duplicate of the writing with the proof of claim or explain its absence.

36.     Claim No. 2-1 is necessarily based on the written engagement agreement governing Claimant's employment and compensation, but Claimant attached only a subsequently generated invoice. The engagement agreement, employment order, compensation disclosure, and documents governing the retainer were not attached.

37.     More importantly, the attached invoice does not establish the existence of a court order allowing the fees or authorizing application of the retainer. It therefore does not establish an enforceable obligation to pay the claimed amount.

38.     Even if Claim No. 2-1 initially receives prima facie evidentiary effect, the employment order, compensation disclosure, absence of any fee application or compensation order, and unresolved disposition of the retainer rebut any presumption of validity.

39.     Once the Debtor rebuts the prima facie effect of the claim, Claimant retains the ultimate burden of proving the validity and amount of the asserted debt. See *In re Bateman,* 331 F.3d 821, 827 (11th Cir. 2003).

III. THE CLAIM IS ALTERNATIVELY SUBJECT TO DISALLOWANCE OR REDUCTION UNDER § 502(b)(4).

40.     Section 502(b)(4) requires disallowance of a claim for services rendered by an attorney of the debtor to the extent the claim exceeds the reasonable value of those services.

41.     Claimant bears the burden of establishing that the services were actually performed, necessary, beneficial to the estate, properly documented, and reasonably billed. See 11 U.S.C. § 330(a)(3)–(4).

42.     The attached invoice was generated after dismissal and was never submitted to the Court for review under § 330.

43.     The invoice includes vague or facially deficient entries, including a January 10, 2026 entry billing $250.00 without any description of the service allegedly performed.

44.     Numerous entries consist of routine emails, receipt of documents, internal administrative activity, or communications without sufficient detail to determine their necessity or benefit.

45.     The invoice also attempts to charge the Debtor for work concerning Claimant's attempted withdrawal, the voluntary dismissal of the Prior Case, and post-dismissal matters without demonstrating that the amounts were reasonable, necessary, beneficial to the estate, or within the terms of approved employment.

46.     Claimant's engagement agreement contemplated comprehensive Chapter 11 representation, including motions necessary to administer the case, analysis of creditor claims, plan preparation, and continued case administration. The Prior Case docket reflects no first-day operational motions, no plan, no disclosure statement, no claims objections, and no compensation application filed by Claimant before dismissal.

47.     The Debtor disputes that all services appearing in the June 10, 2026 invoice were performed as described, were reasonably necessary, provided a benefit commensurate with the amount charged, or were properly chargeable to the Debtor.

48. Claimant has therefore failed to establish that the additional $5,700.00 represents the reasonable value of compensable services under §§ 330 and 502(b)(4).

## IV. THE RETAINER MUST BE ACCOUNTED FOR BEFORE ANY CLAIM CAN BE ALLOWED.

49. The $10,000.00 retainer was paid postpetition and was required by both the engagement agreement and the employment order to remain in Claimant's trust account pending further court order.

50. No further order authorizing application of that retainer was entered.

51. Nevertheless, Claimant's invoice deducts the entire $10,000.00 as a payment against the asserted fees.

52. Before any portion of Claim No. 2-1 can be allowed, Claimant should be required to provide:

> a. all trust-account records concerning the $10,000.00 retainer;
>
> b. the date on which the retainer was withdrawn or applied, if it was withdrawn or applied;
>
> c. the court order allegedly authorizing its application;
>
> d. all invoices or statements allegedly transmitted to the Debtor;
>
> e. all supplemental disclosures filed under Bankruptcy Rule 2016(b); and
>
> f. a complete reconciliation showing the present disposition of every dollar of the retainer.

53. The Debtor expressly reserves its rights to seek return or disgorgement of the retainer, relief under §§ 329 and 330, and any other appropriate relief by separate motion or proceeding. No affirmative disgorgement relief is requested through this claim objection.

V. CLAIM NO. 2-1 WAS FILED AS RETALIATION AND TO CREATE LEVERAGE IN THIS CASE.

54.    Before the Debtor's principal filed a complaint with The Florida Bar concerning Claimant's representation, Claimant had not provided the Debtor with the June 10, 2026 invoice, demanded payment of the alleged $5,700.00 balance, or advised the Debtor that any amount remained due beyond the $10,000.00 retainer.

55.    Claimant asserted the alleged debt only after the Bar complaint and then filed Claim No. 2-1 to assert creditor status, obtain a voice in this bankruptcy case, and pressure the Debtor to withdraw the complaint. The timing of the claim, the lack of any prior invoice or demand, and Claimant's subsequent direct communications with the represented Debtor support the conclusion that the claim was filed for retaliatory and strategic leverage.

WHEREFORE, Focus Utility Services, LLC respectfully requests that the Court:

A. sustain this Objection;

B. disallow Claim No. 2-1 filed by Mark S. Roher, P.A. d/b/a Law Office of Mark S. Roher, P.A. in its entirety as a general unsecured claim;

C. alternatively, disallow Claim No. 2-1 unless and until Claimant obtains an order in the Prior Case allowing compensation under 11 U.S.C. § 330;

D. require Claimant, as a condition to allowance of any portion of Claim No. 2-1, to provide a complete sworn accounting of the $10,000.00 retainer and produce all supporting trust-account records, including the documents and information identified in paragraph 52 of this Objection;

E. alternatively, determine the reasonable value, if any, of Claimant's services under 11 U.S.C. § 502(b)(4), applying the relevant standards set forth in 11 U.S.C. § 330(a)(3)–(4), and reduce or disallow Claim No. 2-1 accordingly;

F. preserve all of the Debtor's rights, claims, defenses, and remedies concerning the retainer, including its ownership and disposition, any unauthorized withdrawal or application, disclosure violations, disgorgement, turnover, setoff, recoupment, and any other available relief; and

G. grant such other and further relief as the Court deems just and appropriate.

Dated: July 28, 2026.

Respectfully submitted,

SINGH LAW FIRM, P.A.
Proposed Counsel for Debtor
701 Brickell Avenue, Suite 1550
Miami, Florida 33131
Telephone: (866) 746-4452
Email: jsingh@singhfirm.com

By: /s/ Jaitegh Singh
Jaitegh Singh, Esq.
Florida Bar No. 100800

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 28, 2026, a true and correct copy of the foregoing Notice of Objection to Claim and Debtor's Objection to Claim No. 2-1 was filed through the Court's CM/ECF.

A copy was also served electronically at [mroher@markroherlaw.com](mailto:mroher@markroherlaw.com) and upon all registered CM/ECF users entitled to notice in this case.

/s/ Jaitegh Singh
Jaitegh Singh, Esq.

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:

                Case No. 25-24953-SMG

FOCUS UTILITY SERVICES, LLC,

                Chapter 11

      Debtor.

_____/

## APPLICATION TO EMPLOY COUNSEL RETROACTIVE TO PETITION DATE

Debtor-in-Possession, FOCUS UTILITY SERVICES, LLC ("Debtor"), respectfully requests the entry of an order of the court authorizing the employment of Mark S. Roher, Esq. of the law firm of Mark S. Roher, P.A. a/k/a The Law Office of Mark S. Roher, P.A. to represent the debtor in this case retroactive to the Petition Date and states:

1. On December 18, 2025, (the "Petition Date"), the Debtor filed a voluntary petition under chapter 11 of the United States Bankruptcy Code.

2. The Debtor desires to employ Mark S. Roher, Esq. of the law firm of Mark S. Roher, P.A. a/k/a The Law Office of Mark S. Roher, P.A. as attorney in this case.

3. The Debtor believes that the attorney is qualified to practice in this court and is qualified to advise the Debtor on its relations with, and responsibilities to, the creditors and other interested parties.

4. The professional services the attorney will render are summarized as follows:

(a) To give advice to the Debtor with respect to its powers and duties as Debtor in possession and the continued management of its finances;

(b) To advise the Debtor with respect to its responsibilities in complying with

1

the U.S. Trustee's Operating Guidelines and Reporting Requirements and with the rules of the Court;

(c)      To prepare motions, pleadings, orders, applications, adversary proceedings, and other legal documents necessary in the administration of the case;

(d)      To protect the interest of the Debtor in all matters pending before the Court;

(e)      To represent the Debtor in negotiation with his creditors in the preparation of a plan.

5.      To the best of the Debtor's knowledge, neither said attorney nor said law firm have any connection with the creditors or other parties in interest or their respective attorneys.  Neither said attorney nor said law firm represent any interest adverse to the Debtor.

6.      Attached to this motion is the (i) proposed attorney's Sworn Declaration demonstrating Mark S. Roher, Esq. of the law firm of Mark S. Roher, P.A. a/k/a The Law Office of Mark S. Roher, P.A. are disinterested as required by 11 U.S.C. §327(a) and a verified statement as required under Bankruptcy Rule 2014 and (ii) the retainer agreement signed by the Debtor on December 18 , 2025 for the representation.

7.      The Debtor respectfully requests an order authorizing retention of Mark S. Roher, P.A. a/k/a The Law Office of Mark S. Roher, P.A. pursuant to 11 U.S.C. §§ 327 and 330 retroactive to the Petition Date.

Signed by:

_____                    12/18/2025

3444D96CFF15400...

**FOCUS UTILITY SERVICES, LLC**
**By:  Estephana Toubeaux, Manager**

Signed by:

D1A31743D56C4F2...

Justin M. Toubeaux                    12/18/2025

2

Dated this 12th day of January, 2026.

**LAW OFFICE OF MARK S. ROHER, P.A.**
*Proposed Counsel for Debtor*
1806 N. Flamingo Rd. Suite 300
Pembroke Pines, FL 33028 (Main Office)
&
5660 Strand Court, Unit #A51
Naples, FL 34110-3343 (Satellite Office)
Email:  mroher@markroherlaw.com
Telephone:  (954) 353-2200

By:      */s/ Mark S. Roher*
           Mark S. Roher
           Florida Bar No. 178098

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of January, 2026, a true and correct copy of the

foregoing was served by CM/ECF on all parties receiving notice by this method.

           */s/ Mark S. Roher*
           Mark S. Roher

3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:

Case No. 25-24953-SMG

FOCUS UTILITY SERVICES, LLC,

Chapter 11

    Debtor.

_____/

**SWORN DECLARATION OF PROPOSED**
**ATTORNEY FOR DEBTOR IN POSSESSION**

   Mark S. Roher, Esq., being duly sworn, says:

1.     I am an attorney admitted to practice in the State of Florida, the United States District Court for the Southern District of Florida and qualified to practice in the U.S. Bankruptcy Court for the Southern District of Florida since 1999.

2.     I am the President and sole shareholder of the law firm of Mark S. Roher, P.A. a/k/a The Law Office of Mark S. Roher, P.A. ("MSRPA") with offices located at 1806 N. Flamingo Road, Suite 300, Pembroke Pines, FL 33028.

3.     Neither I nor the firm represent any interest adverse to the Debtor, or the estate, and we are disinterested persons as required by 11 U.S.C. §327(a).

4.     Except for the continuing representation of the Debtor, neither I nor the firm has or will represent any other entity in connection with this case.

5.     There are no pre-petition fees owed.

6.     As set forth in the retainer agreement being filed contemporaneously with the Debtor's application to employ me and MSRPA, my agreement to represent the Debtor in this case is contingent upon MSRPA's receipt of a $10,000.00 retainer from the Debtor's funds that as of the Petition Date, were being frozen in its account with Florida Power & Light Company pursuant

1

to a pre-petition writ of garnishment obtained by creditors Elite Equipment Rental LLC ("Elite") in the amount of $100,948.27.

7.      But for the garnishment of the Debtor's account with FPL, Debtor would have been able to pay the $10,000.00 retainer to MSRPA prior to the December 18, 2025 bankruptcy filing (the "Petition Date").

8.      Subsequent to the Petition Date, Elite agreed to direct FPL to release the Debtor's frozen funds to the Debtor and the Debtor's funds were thereafter released to the Debtor subsequent to the Petition Date.

9.      On January 2, 2026, the Debtor wired $10,000.00 to MSRPA's trust account which remains in MSRPA's trust account pending further order of the Court.

I DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE-STATEMENTS ARE TRUE AND CORRECT.

*/s/ Mark S. Roher*
Mark S. Roher

2

Docusign Envelope ID: B6EB69E5-EFF6-461F-A4FB-F1B7148CA070

 Law Office of Mark S. Roher, P.A.

1806 N. Flamingo Road, Suite 300   |   Pembroke Pines, Florida 33028   |   P: 954-353-2200   |   F: 877-654-0090   |   E: mroher@markroherlaw.com
www.markroherlaw.com

December 18, 2025

**<u>Via Email</u>**
Focus Utility Services, LLC
c/o Estephana Toubeaux, Manager and
Justin M. Toubeaux, Manager
200 South SR 7
Miramar, FL 33023

     Re:    *Representation in Chapter 11 Bankruptcy Proceeding*

Dear Estephana and Justin:

This is a contract for legal services entered into between Mark S. Roher, P.A. a/k/a The Law Office of Mark S. Roher, P.A. (hereinafter referred to as "MSRPA") and Focus Utility Services, LLC (hereinafter referred to as the "Bankruptcy Client"), based on the terms and conditions set forth in the paragraphs below:

1.    **Purpose and Scope of Engagement**: MSRPA will be representing the Bankruptcy Client with respect to the matter described herein.  The purpose of this engagement is to represent the Bankruptcy Client in its Chapter 11 bankruptcy case to be filed in the United States Bankruptcy Court for the Southern District of Florida, Fort Lauderdale Division (hereinafter referred to as "THE MATTER").

MSRPA will perform all acts on Bankruptcy Client's behalf which are necessary and appropriate to this representation.  Such representation shall include (1) preparation and filing of the Petition, Schedules, Statement of Financial Affairs and other related forms (based on information supplied to MSRPA by the Bankruptcy Client); (2) attendance at all meetings of creditors, hearings, pretrial conferences, and trials in the case or any litigation arising in connection with the case, whether in state or federal court (unless a separate retainer agreement for any specific litigation matter is entered into and approved by the Bankruptcy Court); (3) preparation, filing and presentation to the Bankruptcy Court of any pleadings requesting relief; (4) preparation, filing and presentation to the court of a disclosure statement and plan of reorganization under Chapter 11 of the Bankruptcy Code; and (5) review of claims made by creditors or interested parties, preparation and prosecution of any objections to claims as appropriate; and (6) preparation and presentation of a final accounting and motion for final decree closing the bankruptcy case.

If at any time MSRPA is required to take any action in THE MATTER and MSRPA is unable to obtain instructions from the Bankruptcy Client, it authorizes MSRPA to take such actions as are necessary to protect its interests.

2.    **Lawyers Providing Services**:  The legal services will be performed by Mark S. Roher, Esq.

3.    **The Bankruptcy Client's Obligations**: MSRPA will endeavor to represent the Bankruptcy Client's interests vigorously and efficiently.  For MSRPA to provide these services effectively, the Bankruptcy Client agrees to disclose fully and accurately all pertinent facts and keep MSRPA apprised of all developments in THE MATTER.  MSRPA will rely on the completeness and accuracy of that information when performing services on the Bankruptcy Client's behalf.  The Bankruptcy Client agrees to cooperate fully with MSRPA and agrees to timely comply with all court orders, discovery requests and other requests by the U.S. Trustee, Bankruptcy Court or any party-in-interest.  The Bankruptcy Client understands that attendance at a meeting of creditors subsequent to the filing of the bankruptcy petition is mandatory and that failure to attend such meeting of creditors would lead to the dismissal of the bankruptcy proceeding.  The Bankruptcy Client also agrees to notify MSRPA of any address or telephone number changes.

The Bankruptcy Client acknowledges that any and all statements regarding the Bankruptcy Client's assets, liabilities and financial affairs are signed under penalty of perjury and are required to be true and correct to the best of Bankruptcy Client's knowledge.  The Bankruptcy Client understands that any person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both.  All information supplied by the Bankruptcy Client in connection with his or her bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the United States Department of Justice.

4.    **Fee Arrangement**:  The Bankruptcy Client will be charged on an hourly fee basis, at the rate of $500.00 for Mark S. Roher, Esq. on behalf the Bankruptcy Client.

Because of the pending garnishment by Elite Equipment Rental, LLC has resulted in the freezing of $100,948.27 of Bankruptcy Client's funds that are being held by Florida Power & Light Company (the "Frozen Funds"), it is unable to provide a pre-petition fee advance/retainer, in the amount of **$10,000.00** (the "Fee Advance").  Bankruptcy Client consents to MSRPA seeking authorization from the Bankruptcy Court to pay the Fee Advance from the Frozen Funds once they are released from Florida Power & Light Company.

The Fee Advance shall be held in MSRPA's trust account and will be used as an advance against future fees and costs.   You, individually, shall also provide for the payment of the $1,738.00 chapter 11 filing fee.

Application of the Fee Advance as of the filing of the bankruptcy petition to post-petition fees and costs are subject to Bankruptcy Court approval and will be held in trust pending such Bankruptcy Court order.  Furthermore, MSRPA may request that the Bankruptcy Client pay certain costs directly,

2

Docusign Envelope ID: B6EB69E5-EEE6-461F-A4FB-E1B7148CA070

such as filing fee(s), court reporter costs, mediation costs or copying/mailing costs through outside copy services.  Bankruptcy Client shall also be responsible for reimbursing MSRPA for usual and customary costs such as postage, overnight delivery, copying charges at $0.15 per page and for parking.

Therefore, to be clear, the Fee Advance above is merely an advance on the fees and costs to be incurred in THE MATTER.  It is not a flat fee.  In all likelihood, additional funds will be due and owing to MSRPA on account of THE MATTER, given the complexity of the legal work involved.  Once the Fee Advance is exhausted, the Bankruptcy Client will be expected and agrees to pay any amounts that come due and owing over and above that amount, as set forth above.

My hourly rate, as set forth above, is based on years of experience, specialization and training, practice, level of professional attainment, and overhead cost.

Where the expenses involve payment to persons outside MSRPA, MSRPA may request that the Client pay the expenses directly.  If a cost is incurred, the Client authorizes MSRPA to advance the cost on the Client's behalf, if MSRPA is holding sufficient funds in its trust account.

The Bankruptcy Client understands that it is the practice of MSRPA to charge not less than 1/10 of an hour for each telephone call, email or text message made and received, no matter how short its duration.

Furthermore, the Bankruptcy Client's obligation to pay the fees and costs outlined herein are not contingent on the outcome of the Bankruptcy Client's bankruptcy proceeding.  That is, if the case is dismissed or converted or the case otherwise does not result in a favorable outcome, then the Bankruptcy Client is still responsible for payment to MSRPA.

5.      **Right to Terminate/Withdraw**:  The Bankruptcy Client understands and agrees that if any fee due MSRPA is not paid within the terms described in paragraph 4, including the payment of any requested fee advance or cost deposit, then MSRPA has the right to terminate working on THE MATTER and to file a motion to withdraw as the Bankruptcy Client's attorneys based upon said non-payment.  Furthermore, if MSRPA and the Bankruptcy Client disagree on the procedural or substantive defense/strategy of the bankruptcy proceeding, which results in irreconcilable differences, then MSRPA may, in its sole discretion, seek to withdraw as the Bankruptcy Client's attorneys at that time.  The Bankruptcy Client hereby consents to permit MSRPA to withdraw as its counsel under those or any other circumstances.  Bankruptcy Court approval shall be required to effectuate any withdrawal.

If you have any questions, please do not hesitate to contact me.  If the foregoing is acceptable, please acknowledge that you have reviewed it, understand it, and desire to retain MSRPA on the basis of the terms of this agreement by signing and delivering to us the signed agreement (by facsimile, if possible, and by U.S. Mail).  MSRPA recommends that the Bankruptcy Client keep a copy of this agreement in its file.

Docusign Envelope ID: B6EB69E5-EFE6-461F-A4FB-F1B7148CA070

The Bankruptcy Client has read this entire agreement, understands it, and agrees to all of its terms.  By signing below, the Bankruptcy Client further acknowledges that MSRPA has made no guarantees or assurances concerning the outcome of THE MATTER.

Finally, Mark Ali, understands, acknowledges and expressly agrees that MSRPA shall not represent him in his individual capacity and if the need so arises, that he will have to retain separate counsel in the MATTER.

Very truly yours,


**Mark S. Roher**



By:_____       Date:_____
                                                    12/18/2025
**Focus Utility Services, LLC**
**c/o Estephana Toubeaux, Manager**


By:_____       Date:_____
                                                    12/18/2025
**Focus Utility Services, LLC**
**c/o Justin M. Toubeaux, Manager**


4

# EXHIBIT B



**ORDERED in the Southern District of Florida on February 17, 2026.**

_Scott M. Grossman_

**Scott M. Grossman, Chief Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:

Case No. 25-24953-SMG

FOCUS UTILITY SERVICES, LLC,

Chapter 11

Debtor.

_____/

**ORDER GRANTING APPLICATION TO EMPLOY**
**COUNSEL EFFECTIVE AS OF THE PETITION DATE**

THIS MATTER came before the Court on February 4, 2026 at 2:00 p.m. for a hearing on

the application of Debtor in Possession, FOCUS UTILITY SERVICES, LLC ("Debtor") for

authority to retain Mark S. Roher, Esq. of the law firm of Mark S. Roher, P.A. a/k/a The Law

Office of Mark S. Roher, P.A. ("Counsel") effective as of the to the Petition Date (the

"Application") [ECF No. 19] and the Affidavit of Mark S. Roher, Esq. attached thereto.  Upon the

representations that Mark S. Roher, Esq. is duly qualified under Local Rule 2090-1(A) to practice

in this court, that Counsel holds no interest adverse to the estate in the matters upon which they

1

are engaged, Counsel are disinterested persons as required by 11 U.S.C. §327(a), and have

disclosed any connections with the parties set forth in Bankruptcy Rule 2014, and that their

employment is necessary and would be in the best interest of the estate, it is

**ORDERED** as follows:

1.      The Application is GRANTED.

2.      Debtor is authorized to retain Counsel pursuant to 11 U.S.C. §327, effective as of

the Petition Date on a final basis.

3.      Counsel is permitted to accept the post-petition retainer amounts set forth in the

retainer agreement and is directed to hold any such post-petition retainer amounts in his trust

account pending further order of this Court.

###

Submitted by:
Mark S. Roher, Esq.
Law Office of Mark S. Roher, P.A.
1806 N. Flamingo Road, Suite 300
Pembroke Pines, FL 33028
Telephone:  (954) 353-2200
Email:  mroher@markroherlaw.com

Copies to:
Mark S. Roher, Esq.

Attorney Roher is directed to serve copies of this order on all interested parties and to file a
certificate of service.

2

# EXHIBIT C

B2030 (Form 2030) (12/25)

# United States Bankruptcy Court
## Southern District of Florida

In re   **Focus Utility Services, LLC**                                    Case No.   **25-24953-SMG**

                                        Debtor(s)                          Chapter    **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept                          $        **10,000.00**

    Prior to the filing of this statement I have received                 $        **10,000.00**

    Balance Due                                                          $             **0.00**

2.  The source of the compensation paid to me was:

    ☐ Debtor        ■ Other (specify):   **Funds received on 1/2/2026 - post petition from Debtor's funds that were being frozen pursuant to garnishment.  See Debtor's Application to Employ Counsel [Dkt. No. 19]**

3.  The source of compensation to be paid to me is:

    ■ Debtor        ☐ Other (specify):

4.  ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.  Subject to any applicable local rule or court order, in return for the above-disclosed fee, I have agreed to render legal service for the following aspects of the bankruptcy case, except as excluded in Section 6:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  [List other services that counsel has agreed to provide]
        **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:
        **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**January 13, 2026**                          **/s/ Mark S. Roher**

*Date*                                        **Mark S. Roher**
                                              *Signature of Attorney*
                                              **Law Office of Mark S. Roher, P.A.**
                                              **1806 N. Flamingo Rd., Ste 300**
                                              **Pembroke Pines, FL 33028**
                                              **954-353-2200   Fax: 877-654-0090**
                                              **mroher@markroherlaw.com**
                                              *Name of law firm*

# EXHIBIT D

**25-24953-SMG** Focus Utility Services, LLC
**Case type:** bk **Chapter:** 11 **Asset:** Yes **Vol:** v **Judge:** Scott M Grossman
**Date filed:** 12/18/2025 **Date of last filing:** 06/18/2026
**Debtor dismissed:** 05/07/2026
**Date terminated:** 06/18/2026

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| | *Filed & Entered:* | 12/18/2025 | Automatic docket of credit card |
| 1 | *Filed & Entered:* | 12/18/2025 | Voluntary Petition (Chapter 11) |
| 2 | *Filed & Entered:* | 12/18/2025 | Corporate Ownership Statement |
| 3 | *Filed & Entered:* | 12/19/2025 | Notice of Appearance |
| 4 | *Filed & Entered:* | 12/19/2025 | Twenty Largest Unsecured Creditors |
| 5 | *Filed & Entered:* | 12/19/2025 | Notice of Deficiency |
| 6 | *Filed & Entered:* | 12/19/2025 | Order Authorizing Debtor in Possession to Continue Operation of its Business, Close Pre-Petition Bank Accounts, and Open Debtor in Possession Bank Accounts. |
| 7 | *Filed & Entered:* | 12/19/2025 | Meeting of Creditors Chapter 11 |
| 8 | *Filed & Entered:* | 12/19/2025 | Order Setting Status Hearing/Conference |
| 9 | *Filed:* *Entered:* | 12/21/2025 12/22/2025 | BNC Certificate of Mailing - Meeting of Creditors |
| 10 | *Filed:* *Entered:* | 12/21/2025 12/22/2025 | BNC Certificate of Mailing |
| 11 | *Filed:* *Entered:* | 12/21/2025 12/22/2025 | BNC Certificate of Mailing |
| 12 | *Filed:* *Entered:* | 12/21/2025 12/22/2025 | BNC Certificate of Mailing - PDF Document |
| 13 | *Filed & Entered:* *Terminated:* | 01/02/2026 01/05/2026 | Motion to Extend Time to File Schedules/Plan/Required Information |
| 14 | *Filed &* | 01/05/2026 | Order on Motion to Extend Time to File Schedules/Plan/Required |

| | *Entered:* | | Information |
|---|---|---|---|
| 15 | *Filed & Entered:* | 01/05/2026 | Notice of Appearance |
| 16 | *Filed & Entered:* | 01/10/2026 | Certificate of Service |
| 17 | *Filed & Entered:* | 01/12/2026 | Notice of Filing |
| 18 | *Filed & Entered:* | 01/12/2026 | Ch 11 Case Management Summary |
| 19 | *Filed & Entered:* *Terminated:* | 01/12/2026 02/17/2026 | Application to Employ |
| | *Filed & Entered:* | 01/13/2026 | Automatic docket of credit card |
| 20 | *Filed & Entered:* | 01/13/2026 | Schedules and Statements Filed |
| 21 | *Filed & Entered:* | 01/13/2026 | Disclosure of Compensation of Attorney for Debtor |
| 22 | *Filed & Entered:* | 01/14/2026 | Equity Security Holders |
| 23 | *Filed & Entered:* | 01/14/2026 | Notice of Hearing |
| 24 | *Filed & Entered:* | 01/16/2026 | Order (Generic) |
| 25 | *Filed & Entered:* | 01/20/2026 | Meeting of Creditors Held and Concluded |
| 26 | *Filed & Entered:* | 01/20/2026 | Notice of Appointment/Non-Appointment of Creditors Committee |
| 27 | *Filed & Entered:* | 02/03/2026 | Certificate of Service |
| 28 | *Filed & Entered:* | 02/03/2026 | UST Form 11-MOR |
| 29 | *Filed & Entered:* | 02/03/2026 | UST Form 11-MOR |
| 30 | *Filed & Entered:* | 02/17/2026 | Order on Application to Employ |
| 31 | *Filed & Entered:* | 02/18/2026 | Notice of Appearance |
| 32 | *Filed & Entered:* | 02/23/2026 | Request for Notice |

|  | Filed & Entered: | 03/04/2026 | Automatic docket of credit card |
|---|---|---|---|
| 33 | Filed & Entered: Terminated: | 03/04/2026 04/10/2026 | Motion for Relief From Stay |
| 34 | Filed & Entered: | 03/05/2026 | Notice of Hearing |
| 35 | Filed & Entered: Terminated: | 03/12/2026 03/19/2026 | Motion to Withdraw as Attorney |
| 36 | Filed & Entered: | 03/13/2026 | Notice of Hearing |
| 37 | Filed & Entered: | 03/13/2026 | Certificate of Service |
| 38 | Filed & Entered: | 03/18/2026 | Notice Withdraw Document |
| 39 | Filed & Entered: | 03/31/2026 | Certificate of Service |
|  | Filed & Entered: | 04/07/2026 | Automatic docket of credit card |
|  | Filed & Entered: | 04/07/2026 | Automatic docket of credit card |
| 40 | Filed & Entered: Terminated: | 04/07/2026 05/01/2026 | Motion for Relief From Stay |
| 41 | Filed & Entered: Terminated: | 04/07/2026 05/01/2026 | Motion for Relief From Stay |
| 42 | Filed & Entered: | 04/08/2026 | Notice of Hearing |
| 43 | Filed & Entered: | 04/09/2026 | Certificate of Service |
| 44 | Filed & Entered: | 04/10/2026 | Order on Motion For Relief From Stay |
| 45 | Filed & Entered: Terminated: | 04/17/2026 05/07/2026 | Motion to Dismiss Case |
| 46 | Filed & Entered: | 04/20/2026 | Notice of Appearance |
| 47 | Filed & Entered: | 04/23/2026 | Notice of Hearing |

| 48 | *Filed & Entered:* | 04/23/2026 | Certificate of Service |
|---|---|---|---|
| 49 | *Filed & Entered:* | 05/01/2026 | Order on Motion For Relief From Stay |
| 50 | *Filed & Entered:* | 05/01/2026 | Order on Motion For Relief From Stay |
| 51 | *Filed & Entered:* | 05/05/2026 | Certificate of Service |
| 52 | *Filed & Entered:* | 05/05/2026 | Certificate of Service |
| 53 | *Filed & Entered:* | 05/07/2026 | Order on Motion to Dismiss Case |
| 54 | *Filed: Entered:* | 05/09/2026 05/10/2026 | BNC Certificate of Mailing - Order Dismissing Case |
| 55 | *Filed & Entered:* | 06/10/2026 | UST Form 11-MOR |
| 56 | *Filed & Entered:* | 06/10/2026 | UST Form 11-MOR |
| 57 | *Filed & Entered:* | 06/18/2026 | Close Bankruptcy Case |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/28/2026 13:16:25 | | | |
| **PACER Login:** | jaitegh1 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 25-24953-SMG Type: History |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |