**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re: Case No. 26-19103-SMG
Chapter 11 (Subchapter V)

FOCUS UTILITY SERVICES, LLC,
Debtor.
_______________________________________/

**JOINT MOTION OF FOCUS UTILITY SERVICES, LLC AND THE LAW OFFICE OF MARK S. ROHER, P.A. TO APPROVE SETTLEMENT AGREEMENT AND MUTUAL RELEASE AND TO AUTHORIZE WITHDRAWAL WITH PREJUDICE OF PROOF OF CLAIM NO. 2-1**

Focus Utility Services, LLC (the "Debtor"), as debtor and debtor in possession, and the Law Office of Mark S. Roher, P.A. (the "Roher Firm") (collectively, the "Movants"), pursuant to Federal Rules of Bankruptcy Procedure 3006 and 9019, jointly request entry of an order approving the Settlement Agreement and Mutual Release attached as Exhibit A (the "Settlement Agreement") among the Debtor, Mark S. Roher ("Roher"), individually, and the Roher Firm. Roher and the Roher Firm are referred to collectively as the "Roher Parties," and the Debtor and the Roher Parties are referred to collectively as the "Parties." The Movants also request authorization for the Roher Firm to withdraw with prejudice Proof of Claim No. 2-1. In support, the Movants state:

**BACKGROUND**

1. The Debtor commenced this Chapter 11, Subchapter V case on July 12, 2026.

2. The Roher Firm previously represented the Debtor in its prior bankruptcy case.

3. Following the commencement of this case, the Roher Firm filed Proof of Claim No. 2-1 and sought various forms of relief against the Debtor, including conversion of this case to Chapter 7 and appointment of a Chapter 11 trustee. The Roher Parties also filed supplements, declarations, objections, and other materials in support of their requested relief.

4. The Debtor disputes the Roher Firm's proof of claim and requested relief. The Debtor has also evaluated disputed potential claims arising from the Roher Firm's prior representation, including potential claims concerning fees, retainer funds, and alleged acts or omissions during that representation. The Roher Parties deny any liability, and the Debtor's potential claims remain disputed, unliquidated, and subject to factual and legal uncertainty.

5. Continued litigation would require the Debtor to respond to the Roher Parties' filings, conduct discovery, prepare witnesses and evidence, and participate in additional contested hearings, including hearings concerning conversion and appointment of a trustee. These disputes could also lead to further motions, examinations, and related proceedings.

6. The Debtor is an operating business with certain financial and managerial resources. Continued litigation would divert the Debtor's management and professionals from maintaining operations, generating revenue, complying with bankruptcy requirements, and formulating a viable reorganization strategy.

7. The Parties therefore negotiated the Settlement Agreement to resolve fully and finally all disputes between them and permit the Debtor to concentrate its resources on reorganization.

## MATERIAL SETTLEMENT TERMS

8. The material terms of the Settlement Agreement include (*See* the Settlement in Exhibit A):

a. The settlement is a mutual walkaway, and no Party will make a settlement payment;

b. The Roher Firm will withdraw Proof of Claim No. 2-1 with prejudice and will not amend, transfer, assign, replace, refile, or otherwise reassert that claim or any other claim against the Debtor or its bankruptcy estate;

c. The Roher Parties will withdraw, with prejudice, all remaining and unresolved relief requested by them in this case, including the Motion to Convert the Bankruptcy Case to Chapter 7, the Motion to Appoint a Chapter 11 Trustee, and all supplements, joinders, objections, declarations, and evidentiary submissions supporting that relief;

d. The Roher Parties will withdraw their asserted status in the Bankruptcy Case to the extent permitted by applicable law and will not pursue, directly or indirectly or through any nominee or proxy, any released claim or withdrawn relief against the Debtor;

e. The Debtor and its estate will release all claims against the Roher Parties arising from events occurring on or before the effective date of the Settlement Agreement;

f. The Roher Parties will release the Debtor, its estate, and the other Focus Released Parties identified in the Settlement Agreement from all claims arising from events occurring on or before the effective date; and

g. Each Party will bear its own attorneys' fees, expenses, and costs.

9. Pending approval of the Settlement Agreement, the Parties have agreed to take no further adverse action against one another. The Roher Parties have also agreed to request continuation of the hearings on conversion and appointment of a trustee until the Court determines this Motion.

## RELIEF REQUESTED

10. The Debtor has filed an objection to Proof of Claim No. 2-1, and the claimant has participated significantly in this case. Accordingly, withdrawal of Proof of Claim No. 2-1 requires Court approval under Federal Rule of Bankruptcy Procedure 3006. The Debtor therefore requests that the Court authorize the Roher Firm to withdraw Proof of Claim No. 2-1 with prejudice and provide that the claim may not be amended, transferred, assigned, replaced, refiled, or otherwise reasserted against the Debtor or its bankruptcy estate.

11. Federal Rule of Bankruptcy Procedure 9019(a) authorizes the Court, after notice and a hearing, to approve a compromise or settlement.

12. In determining whether a settlement is fair, reasonable, and in the estate's best interests, courts in the Eleventh Circuit consider:

a. the probability of success in the litigation;

b. the difficulties, if any, associated with collection;

c. the complexity of the litigation and the expense, inconvenience, and delay attending it; and

d. the paramount interests of creditors and proper deference to their reasonable views.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.),* 898 F.2d 1544, 1549 (11th Cir. 1990).

13. The Court need not determine the ultimate merits of every disputed claim, but only assess the probability of success and the other relevant settlement considerations. *Id*. The proposed

settlement may be approved so long as it does not fall "below the lowest point in the range of reasonableness." *Martin v. Pahiakos (In re Martin)*, 490 F.3d 1272, 1275 (11th Cir. 2007).

14. Each applicable factor supports approval of the Settlement Agreement.

15. The *Justice Oaks* factors favor approval. The Parties dispute Proof of Claim No. 2-1, the Roher Parties' requested relief, and the Debtor's potential claims arising from the prior representation. Continued litigation would involve factual and legal uncertainty, discovery, preparation of witnesses and evidence, contested hearings, substantial professional fees, delay, and diversion of management from the Debtor's operations and reorganization.

16. The Settlement Agreement requires no payment by the estate. In exchange for releasing its disputed potential claims, the Debtor obtains withdrawal of Proof of Claim No. 2-1, withdrawal of the conversion and trustee motions, reciprocal releases, and finality. By preserving estate resources for operations, plan formulation, and creditor recoveries, the Settlement Agreement serves creditors' paramount interests, is fair and equitable, and falls within the range of reasonableness.

WHEREFORE, the Debtor respectfully requests that the Court enter an order:

a. approving the Settlement Agreement attached as Exhibit A pursuant to Federal Rule of Bankruptcy Procedure 9019;

b. pursuant to Federal Rule of Bankruptcy Procedure 3006 and the Settlement Agreement, authorizing the withdrawal with prejudice of Proof of Claim No. 2-1 and providing that the claim may not be amended, transferred, assigned, replaced, refiled, or otherwise reasserted against the Debtor or its bankruptcy estate;

c. authorizing the Debtor to perform its obligations under the Settlement Agreement;

d. providing that the Settlement Agreement shall be binding upon the Parties according to its terms;

e. retaining jurisdiction to interpret, implement, and enforce the Settlement Agreement and the order approving it; and

f. granting such further relief as the Court deems appropriate.

Dated: August 13, 2026.

Respectfully submitted,

SINGH LAW FIRM, P.A.
Counsel for Debtor and Debtor in Possession
701 Brickell Avenue, Suite 1550
Miami, Florida 33131
Telephone: (866) 746-4452
Email: jsingh@singhfirm.com

By: /s/ Jaitegh Singh
Jaitegh Singh, Esq.
Florida Bar No. 100800

LAW OFFICE OF MARK S. ROHER, P.A.
Counsel for Joint Movant Law Office of Mark S. Roher, P.A.
1806 N. Flamingo Road, Suite 300
Pembroke Pines, Florida 33028
Telephone: (954) 353-2200
Email: mroher@markroherlaw.com

By: /s/ Mark S. Roher
Mark S. Roher, Esq.
Florida Bar No. 178098

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 13, 2026, a true and correct copy of the foregoing Motion to Approve Settlement Agreement and Mutual Release, together with the Settlement Agreement attached as Exhibit A and the proposed order, was filed through the Court's CM/ECF system and served electronically through the Notice of Electronic Filing upon all registered CM/ECF users entitled to notice in this case.

- **Heather A DeGrave** hadegrave@hahnlaw.com, jaduncan@hahnlaw.com
- **Allison L Friedman** ralfriedman@hotmail.com
- **Daniel H Hunt** dhuntlaw@gmail.com
- **Linda Marie Leali** trustee@lealilaw.com, F005@ecfcbis.com;lkennedy@lealilaw.com;LindaLealiPA@jubileebk.net;nahomy@lealilaw.com;ecf.alert+LeaLi@titlexi.com
- **Martin P Ochs** martin.p.ochs@usdoj.gov
- **Office of the US Trustee** USTPRegion21.MM.ECF@usdoj.gov
- **Mark S. Roher** mroher@markroherlaw.com, ECF.markroherlaw@gmail.com;ECF2.markroherlaw@gmail.com
- **Jaitegh Singh** jsingh@singhfirm.com, pacer@singhfirm.com
- **Barry Seth Turner** bt@bstpa.com, bstpalaw@gmail.com;paralegal@bstpa.com;bt@ecf.courtdrive.com

/s/ Jaitegh Singh
Jaitegh Singh, Esq.

# EXHIBIT A

# AGREEMENT

**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

This Settlement Agreement and Mutual Release (the "Agreement") is entered into among Focus Utility Services, LLC ("Focus" or the "Debtor"), Mark S. Roher ("Roher"), and the Law Office of Mark S. Roher, P.A. (the "Roher Firm"). Roher and the Roher Firm are collectively referred to as the "Roher Parties."

Focus is the debtor in Case No. 26-19103-SMG pending before the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Case"). The Parties desire to resolve fully and finally all disputes between them through a mutual walkaway agreement.

Accordingly, the Parties agree:

**1. Court Approval**

This Agreement is subject to approval by the Bankruptcy Court under Federal Rule of Bankruptcy Procedure 9019. It becomes effective when the Bankruptcy Court enters an order approving it (the "Effective Date").

Pending approval of this Agreement, the Parties shall take no further adverse action against one another. The Roher Parties shall, immediately upon execution of this Agreement, file an agreed or unopposed motion requesting continuation of the August 17, 2026 hearings and shall take all reasonably necessary steps to obtain a ruling before those hearings.

The Roher Parties shall not prosecute, present evidence or argument in support of, or otherwise seek relief under either motion or any other motion, objection, claim, adversary proceeding, contested matter, examination, or filing adverse to Focus while approval of this Agreement remains pending.

If the Bankruptcy Court does not approve this Agreement, it shall be void and shall not constitute an admission or be used as evidence against any Party.

**2. Mutual Walkaway**

No settlement payment shall be made by any Party. Each Party shall bear its own attorneys' fees, expenses, and costs.

**3. Withdrawal of Proof of Claim**

Within two business days after the Effective Date, the Roher Parties shall withdraw, with prejudice, Proof of Claim No. 2-1 and any other claim asserted against Focus or its bankruptcy estate.

If withdrawal requires an order under Federal Rule of Bankruptcy Procedure 3006, the Roher Parties shall promptly file or join in the necessary request and affirmatively seek withdrawal with prejudice.

The Roher Parties shall not amend, transfer, assign, replace, refile, or otherwise reassert any claim against Focus or its bankruptcy estate.

**4. Withdrawal of Bankruptcy Filings.**

Within two business days after the Effective Date, the Roher Parties shall withdraw, with prejudice, all relief they have requested in the Bankruptcy Case, including:

a. the Motion to Convert the Bankruptcy Case to Chapter 7;

b. the Motion to Appoint a Chapter 11 Trustee;

c. all supplements, joinders, objections, declarations, and evidentiary submissions filed in support of the foregoing matters; and

d. any other pending motion, objection, request for relief, or contested filing submitted by either Roher Party against Focus.

Where a filing cannot be withdrawn without court approval, the Roher Parties shall promptly file or join in the necessary request and affirmatively seek withdrawal with prejudice.

Previously filed documents may remain visible as historical docket entries. Nevertheless, the Roher Parties shall abandon permanently all relief requested in those filings and shall not prosecute, renew, appeal, cite, or rely upon them against Focus.

**5. Termination of Participation in the Bankruptcy Case**

After completing the required withdrawals, the Roher Parties shall withdraw any notice of appearance or other asserted status in the Bankruptcy Case to the extent permitted by applicable law and shall not participate further in the Bankruptcy Case.

The Roher Parties, whether acting directly or indirectly, individually or through any employee, agent, affiliate, representative, or other person acting at their request, direction, or for their benefit, shall not:

a. file, prosecute, renew, join, support, fund, appeal, or otherwise participate in any claim, motion, objection, examination, discovery request, adversary proceeding, contested matter, appeal, or other request for relief adverse to Focus;

b. represent, advise, assist, or appear for any creditor, equity holder, insider, former employee, or other person in the Bankruptcy Case, any case resulting from its conversion, dismissal, or refiling, or any related adversary proceeding, contested matter, appeal, examination, or successor bankruptcy case;

c. solicit, encourage, coordinate with, or assist any person in taking action adverse to Focus, its bankruptcy estate, its principals, or its professionals in connection with any such case or proceeding;

d. prepare or review pleadings, provide legal advice or litigation strategy, furnish public or nonpublic information, procure testimony, evidence, witnesses, or declarations, or provide financial or other assistance for any action adverse to Focus. This obligation arises from the fact that party was prior counsel of Focus.

e. acquire, accept, purchase, receive an assignment of, or obtain any direct or indirect interest in any claim against Focus or its bankruptcy estate; or

f. cite, use, republish, or rely upon any withdrawn claim, motion, objection, declaration, examination notice, evidentiary submission, or other filing for the purpose of seeking relief adverse to Focus.

These restrictions apply whether or not the Roher Parties receive compensation or formally appear as counsel. This paragraph does not prohibit the Roher Parties from complying truthfully with a subpoena, court order, or governmental or professional-regulatory inquiry, or from taking action strictly necessary to enforce this Agreement. To the extent legally permitted, the Roher Parties shall promptly notify Focus's counsel in writing of any compulsory process concerning Focus before responding.

## 6. Release by Focus

Effective on the Effective Date, Focus and its bankruptcy estate fully and irrevocably release the Roher Parties and their employees, agents, successors, and assigns from every claim, demand, debt, liability, cause of action, damage, fee, expense, or remedy, whether known or unknown, arising from any event occurring on or before the Effective Date.

This release includes any claim arising from the Roher Parties' representation of Focus, the prior bankruptcy case, the present Bankruptcy Case, retainers, fees, invoices, trust funds, communications, advice, acts, or omissions.

This release does not apply to obligations created by this Agreement.

## 7. Release by the Roher Parties

Effective on the Effective Date, the Roher Parties fully and irrevocably release and discharge Focus, its bankruptcy estate, and their respective current and former officers, managers, members, employees, attorneys, professionals, agents, representatives, successors, and assigns (collectively, the "Focus Released Parties") from every claim, demand, debt, liability, cause of action, damage, fee, expense, proof of claim, administrative expense, sanction, or remedy, whether known or unknown, suspected or unsuspected, accrued or unaccrued, arising from any event occurring on or before the Effective Date.

The Roher Parties expressly waive any claim against any Focus Released Party for attorneys' fees, costs, reimbursement, indemnification, contribution, sanctions, damages, or any matter arising from the prior bankruptcy case, the present Bankruptcy Case, the Parties' settlement communications, or the disputes resolved by this Agreement.

This release does not apply to obligations created by this Agreement.

**8. Covenant Not to Sue**

No Party shall file, maintain, assign, fund, or assist in prosecuting any claim released by this Agreement. This provision does not prohibit a Party from enforcing this Agreement.

**9. No Admission**

This Agreement is a compromise of disputed matters and does not constitute an admission of liability, wrongdoing, professional misconduct, or the truth of any disputed allegation.

**10. Authority and Entire Agreement**

Each signatory represents that the signatory has authority to execute this Agreement for the identified Party and has not assigned any released claim.

This Agreement contains the Parties' complete agreement concerning its subject matter. Any amendment must be in writing, signed by all Parties, and approved by the Bankruptcy Court if approval is required.

**11. Governing Law and Jurisdiction**

This Agreement shall be governed by applicable federal bankruptcy law and Florida law. The Bankruptcy Court shall retain jurisdiction to interpret and enforce this Agreement and the order approving it.

**12. Counterparts and Electronic Signatures**

This Agreement may be executed in counterparts. Electronic and PDF signatures shall have the same effect as original signatures.

FOCUS UTILITY SERVICES, LLC

Signed by:
By: Estephana Toubeaux
20B4FA279F97433...
Estephana Toubeaux
Authorized Representative
Date: 8/13/2026

MARK S. ROHER, INDIVIDUALLY

DocuSigned by:
By: Mark Roher
793D7027FA05415...
Mark S. Roher
Date: 8/13/2026

LAW OFFICE OF MARK S. ROHER, P.A.

DocuSigned by:
By: Mark Roher
793D7027FA05415...
Mark S. Roher, Authorized Representative
Date: 8/13/2026

# EXHIBIT B

# PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re: Case No. 26-19103-SMG
Chapter 11 (Subchapter V)

FOCUS UTILITY SERVICES, LLC,
Debtor.
_____________________________________/

**ORDER GRANTING JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND MUTUAL RELEASE AND TO AUTHORIZE WITHDRAWAL WITH PREJUDICE OF PROOF OF CLAIM NO. 2-1**

THIS MATTER came before the Court on ____________, 2026, upon the Joint Motion of Focus Utility Services, LLC and the Law Office of Mark S. Roher, P.A. to Approve Settlement Agreement and Mutual Release and to Authorize Withdrawal with Prejudice of Proof of Claim No. 2-1 [ECF No. ___] (the "Motion"). The Settlement Agreement and Mutual Release is attached to the Motion as Exhibit A (the "Settlement Agreement").

The Court, having reviewed the Motion and Settlement Agreement, having considered the record and the positions of the parties in interest, finding that proper notice was provided and that no further notice is required, and being otherwise fully advised, finds that the Settlement Agreement is fair, equitable, reasonable, and in the best interests of the Debtor, its estate, and creditors. Accordingly, it is

ORDERED:

1. The Motion is GRANTED.
2. The Settlement Agreement is approved pursuant to Federal Rule of Bankruptcy Procedure 9019.
3. Focus Utility Services, LLC, Mark S. Roher, individually, and the Law Office of Mark S. Roher, P.A. are authorized and directed to perform their respective obligations under the Settlement Agreement.
4. Pursuant to Federal Rule of Bankruptcy Procedure 3006 and the Settlement Agreement, the Law Office of Mark S. Roher, P.A. is authorized and directed to withdraw Proof of Claim No. 2-1 with prejudice.
5. Proof of Claim No. 2-1 may not be amended, transferred, assigned, replaced, refiled, or otherwise reasserted against Focus Utility Services, LLC or its bankruptcy estate.
6. In accordance with the Settlement Agreement, the Roher Parties shall promptly withdraw with prejudice all remaining and unresolved requests for relief filed or prosecuted by them in this case, including the Motion to Convert the Bankruptcy Case to Chapter 7, the Motion to Appoint a Chapter 11 Trustee, and all supplements, joinders, objections, declarations, and evidentiary submissions supporting that relief.
7. Upon the Effective Date, as defined in the Settlement Agreement, the releases and other obligations contained in the Settlement Agreement shall become effective and binding upon the parties to the Settlement Agreement according to its terms.
8. Nothing in this Order releases, binds, or enjoins any person or entity that is not bound by the Settlement Agreement, except to the extent otherwise provided by applicable law.
9. The Court retains jurisdiction to interpret, implement, and enforce the Settlement Agreement and this Order.

Submitted by:

Jaitegh Singh, Esq.
Singh Law Firm, P.A.
Counsel for Debtor and Debtor in Possession
701 Brickell Avenue, Suite 1550
Miami, Florida 33131
Telephone: (866) 746-4452
Email: jsingh@singhfirm.com

Jaitegh Singh, Esq. must serve a copy of this Order upon all parties entitled to notice who did not receive service through CM/ECF and must file a certificate of service as required by Local Rule 9036-2.